COURT OF APPEALS OF VIRGINIA

Present:  Judge Annunziata, Senior Judge Duff and Judge Clements[*]
Argued at Alexandria, Virginia


DEREK STANTON LAMAR

MEMORANDUM OPINION[**] BY
v.    Record No. 0158-99-4        JUDGE JEAN HARRISON CLEMENTS
                                       SEPTEMBER 26, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
LeRoy F. Millette, Jr., Judge

Jerrold J. Negin for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Derek Stanton Lamar, appellant, contends the trial court erred in allowing the Commonwealth's DNA expert to testify.  At appellant's trial for rape, the Commonwealth called Karolyn Tontarski,[1] a forensic scientist, to testify as an expert in DNA

_____

[*] Judge Jean Harrison Clements took part in the consideration of this case by designation pursuant to Code § 17.1-400, recodifying Code § 17-116.01.

[**] Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

[1] Although the transcript refers to the witness as Tantarski, her name as used on the certificates of analysis is Tontarski.  Therefore, Tontarski will be used in this memorandum opinion.

analysis.  Tontarski tested and analyzed genetic material taken from different sources using various methods of DNA analysis. In her testimony, Tontarski provided mathematical probabilities of the likelihood that someone other than appellant contributed the tested genetic material.

Appellant contended that Tontarski could not testify about her mathematical results because she did not compile the DNA database and because the database was not admitted in evidence. We addressed this issue in Hills v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (2000) (this day decided; affirming in part, reversing and remanding in part upon other grounds).  In Hills, the defendant made the same argument as appellant, namely, that it was error to allow an expert witness to rely upon and testify about a statistical database that she did not compile and that was not admitted into evidence.  See id. at ___, ___ S.E.2d at ___. Hills, like appellant, contended that the testimony referring to and applying the database "constituted inadmissible hearsay."  Id. at ___, ___ S.E.2d at ___.  Citing supporting statutory and case law, we held that the DNA testimony was properly admitted.  See id. at ___, ___ S.E.2d at ___.  For the reasons more particularly stated in Hills, we affirm the trial court.

Affirmed.

-